LAW OFFICES OF DEBORAH L. RAYMOND
DEBORAH L. RAYMOND, SBN 173528
445 Marine View Avenue, Suite 120
Del Mar, CA 92014
Telephone: (858) 481-9559
Email: draymondlaw@gmail.com
**- IN ASSOCIATION WITH -**
HEATHER H. JONES, Esquire
*(Application for pro hac vice forthcoming)*
THE CONSUMER PROTECTION FIRM
4030 Henderson Blvd.
Tampa, FL  33629
Tele: (813) 500-1500
Fax: (813) 435-2369
Email:Heather@TheConsumerProtectionFirm.com

*Attorneys for Plaintiff
Karen Horne*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN HORNE, an individual, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| COMCAST CORPORATION, a Pennsylvania Corporation, | |
| Defendant. | |

////

////

////

1

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA") and violation of California's Rosenthal Act, Cal. Civil Code §§ 1788 *et seq.* ("Rosenthal Act").

**INTRODUCTION**

2. The TCPA was enacted to prevent companies like COMCAST CORPORATION from invading American citizen's privacy and to prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and

robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

7. The alleged violations described in the Complaint occurred in Solano County, California.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, a consumer, and a citizen of the State of California, residing in Solano County, California.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation with its principal place of business located in Philadelphia, Pennsylvania and which conducts business in the State of California through its registered agent, CT Corporation System, Vivian Imperial, 818 W. Seventh Street, Suite 930, Los Angeles, California, 90017. Plaintiff is informed and believes and thereon alleges that Defendant was engaged in the

3

business of collecting consumer debts and regularly collects consumer debts on behalf of third parties and/or itself. Defendant is accordingly a "debt collector" as defined in the Rosenthal Act, Cal. Civil Code §1788.2.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 657-5237, and was the called party and recipient of Defendant's hereafter described calls.

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls. The purported debt represents an obligation for goods, services, loan, or extension of credit intended primarily for personal, family or household use.

14. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

4

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. Within the past 4 years, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone.

18. Due to a ceaseless barrage of daily calls, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, held on the line to be connected to a live representative, and informed an agent/representative that their incessant calls were harassing her, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

19. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

20. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

21. Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

22. Defendant has made approximately one-hundred fifteen (115) calls to Plaintiff's aforementioned cellular telephone number, which will be established once Defendant produces their call records.

23. On more than one-hundred fifteen (115) occasions, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant, which has left a variety of pre-recorded voicemails.

24. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

25. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant's placement of the calls.

26. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

27. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

28.     Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

29.     Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

30.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31.   In the last 3 years, the Defendant has had 30,332 complaints reported to the Better Business Bureau (BBB), of which 12,141 of those complaint are classified as being related to "Billing Collection Issues. See http://www.bbb.org/ComcastCorporation/Reviewsandcomplaints.

32.     Defendant violated the TCPA with respect to the Plaintiff.

33.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

34.     Within one year proceeding the filing of this Complaint, Defendant violated the California Rosenthal Act with respect to the Plaintiff.

35.      As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages, including but not limited to emotional distress in the form of stress, anxiety, and upset.

**FIRST CAUSE OF ACTION**
**(Violation of the TCPA)**

7

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

## SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)

39. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

40. Defendant violated the **Rosenthal Act**, including but not limited to the following sections:

40.1. Section 1788.11: Defendant and its employees and/or agents caused Plaintiff's telephone to ring and/or communicated with Plaintiff by telephone so unreasonably often as to constitute harassment; and

40.2. Section 1788.17: Defendant violated provisions of Title 15 of the United States Code section 1692d by causing the telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass persons at the called number.

40. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages, including, but not limited to emotional distress, in an

8

amount to be established by proof at trial, and Plaintiff is entitled to an award of actual damages, costs, and attorney's fees pursuant to Cal. Civ. Code §1788.30. In addition, Defendant willfully and knowingly violated the Rosenthal Act which entitles Plaintiff to penalty of not less than $100 and not more than $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, attorneys' fees, costs, and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Deborah L. Raymond
By: Deborah L. Raymond, SBN 173528
445 Marine View Avenue, Suite 120
Del Mar, CA  92014
Tele: (858) 481-9559
Fax: (858) 724-0747
Email: draymondlaw@gmail.com
   *And*

/s/ Heather H. Jones
Heather H. Jones, Esq.
Florida Bar No. 0118974
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, FL 33629

9

Telephone: (813) 500-1500, ext. 205  
Facsimile: (813) 435-2369  
Heather@TheConsumerProtectionFirm.com  
*Application for pro hac to be filed*  
*Attorneys for Plaintiff*